572 January 29, 2025 No. 61

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Mason LAKE
*Plaintiff-Appellant,*

*v.*

CITY OF PORTLAND,
*Defendant-Respondent.*

Multnomah County Circuit Court
20CV19838; A179011

Christopher J. Marshall, Judge.

Argued and submitted October 23, 2023.

Michael Fuller and OlsenDaines, PC, and Kelly D. Jones and The Law Office of Kelly D. Jones filed the briefs for appellant.

Denis M. Vannier argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Plaintiff Mason Lake brought this action for battery against defendant City of Portland after he was allegedly struck by a less-lethal munition during a protest in May of 2020. He appeals from a judgment dismissing his claim, entered after the trial court granted summary judgment in favor of defendant on the grounds that plaintiff failed to produce evidence establishing a genuine issue of material fact that a Portland Police Bureau (PPB) officer fired the munition that hit plaintiff. Having reviewed the summary judgment record, we agree with the trial court's conclusion and therefore affirm.

The trial court must grant a motion for summary judgment when

> "the pleadings, depositions, affidavits, declarations and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law. *** The adverse party has the burden of producing evidence on any issue raised in the motion as to which the adverse party would have the burden of persuasion at trial."

ORCP 47 C. No genuine issue of material fact exists when "no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment." *Id.* We review an order granting summary judgment for errors of law, viewing the facts and all reasonable inferences that may be drawn from them in favor of the nonmoving party, who in this case is plaintiff. *McClusky v. City of North Bend*, 332 Or App 1, 4, 549 P3d 557, *rev den*, 372 Or 812 (2024).

The parties are familiar with the summary judgment record, and we do not summarize it here in this nonprecedential memorandum opinion. Plaintiff solely assigns error to the trial court's grant of summary judgment for defendant and argues that "[d]irect and circumstantial evidence in the record shows there were PPB officers armed with and discharging munitions from the direction of the Justice Center that *could have caused* [p]laintiff's injuries." (Emphasis added.) The problem with plaintiff's argument is that, as the nonmoving party, he had the burden to produce

evidence from which a rational juror could find that a PPB officer *did in fact cause* his injuries, and not simply speculate that a PPB officer could have done so.

Having reviewed the record in the light most favorable to plaintiff, we agree with the trial court that plaintiff failed to produce evidence establishing a genuine issue of material fact that a PPB officer fired a munition that hit plaintiff. Here, even assuming, as plaintiff contends, that there are factual disputes regarding the type of weapon and munition that caused plaintiff's injuries, the precise location and timing of the discharge of such munition, and defendant's recordkeeping of PPB officers' activities, plaintiff has not produced evidence that provides an affirmative basis for a jury to conclude that a PPB officer's munition caused plaintiff's injury and therefore has failed to create a genuine issue of material fact as to causation. *See Davis v. County of Clackamas*, 205 Or App 387, 394, 134 P3d 1090, *rev den*, 341 Or 244 (2006) (explaining that, to preclude summary judgment on causation, a plaintiff must offer admissible evidence that creates a genuine issue of material fact as to causation; casting doubt on the defendant's evidence is insufficient). Further, although plaintiff argued below that the trial court should have denied the motion for summary judgment or granted a continuance under ORCP 47 F, he does not challenge that discretionary decision on appeal. In any event, we do not discern that plaintiff's proffered expert testimony, which purportedly would have established the types of munition capable of causing plaintiff's injury, was sufficient to create a genuine issue of material fact given the paucity of affirmative evidence supporting the precise location and timing of the discharge of such munition.

Affirmed.